UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON DECK,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A., National Association, as Trustee for Option One Mortgage Loan Trust 2003-1, Asset-Backed Certificates, Series 2003-1; OCWEN LOAN SERVICING, LLC, a Delaware limited liability company; POWER DEFAULT SERVICES, INC., a corporation; and all parties and all persons or entities with any claims to real property located at 1124 Hawthorne Loop, Roseville, California 95678, and Does 1–20, inclusively,<br><br>    Defendants. | No. 17-cv-00234-MCE-KJN PS<br><br>**MEMORANDUM AND ORDER** |

On February 2, 2017, Plaintiff Vernon Deck ("Plaintiff") filed a Complaint (ECF No. 1) and a Motion for Temporary Restraining Order ("TRO," ECF No. 3). Plaintiff seeks a TRO against Defendants Wells Fargo Bank, Ocwen Loan Servicing, and Power Default Services, as well as any other parties with claims to the real property located at 1124 Hawthorne Loop in Roseville, California 95678 (collectively, "Defendants") to prevent the trustee's sale of that property, currently set for February 10, 2017. For the reasons set forth below, Plaintiff's request for a TRO is DENIED.

1

Plaintiff claims that the sale of his primary residence is improper because he paid off the note in its entirety sometime before the notice of default ("NOD") was recorded in 2012. Plaintiff additionally claims that even if the note was not paid off, Defendants made various errors in the handling of his mortgage and foreclosure proceedings. He alleges those errors render any trustee sale improper. Most significantly, Plaintiff claims that Defendants did not contact him prior to recording the NOD, promised in a conversation not to foreclose on his property, and ignored multiple attempts by Plaintiff to contact him regarding his mortgage status after he made what he understood to be his final payment.

Even aside from the merits of Plaintiff's allegations, multiple procedural flaws prevent the Court from granting his requested TRO. Eastern District Local Rule 231 governs Temporary Restraining Orders. Rule 231(a) provides that "except in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel, by telephone or other means, or a sufficient showing of efforts made to provide notice." E.D. Cal. Local R. 231(a) (citing Fed. R. Civ. P. 65(b)). Rule 231(c) additionally requires the filing of, among other things, "an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given." Id. 231(c)(5).

Furthermore, subsection (b) of Rule 231 states that "[i]n considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last minute relief by motion for temporary restraining order. Should the Court find that the application unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground." Id. 231(b).

Finally, subsection (c) lists the documents to be filed by a party seeking a temporary restraining order. Id. 231(c). Under that rule, "[n]o hearing on a temporary

2

1  restraining order will normally be set unless" certain documents are provided to the Court
2  and to the affected parties or their counsel.  Id.  Those documents are: (1) a complaint;
3  (2) a motion for a temporary restraining order; (3) a brief on all relevant legal issues
4  presented by the motion; (4) an affidavit in support of the existence of an irreparable
5  injury; (5) an affidavit detailing the notice or efforts to effect notice to the affected parties
6  or counsel or showing good cause why notice should not be given; (6) a proposed
7  temporary restraining order with a provision for a bond; (7) a proposed order with blanks
8  for fixing the time and date for hearing a motion for preliminary injunction, the date for
9  the filing of responsive papers, the amount of the bond, if any, and the date and hour of
10 issuance; and (8) where the TRO is requested ex parte, the proposed order shall further
11 notify the affected party of the right to apply to the Court for modification or dissolution on
12 two (2) days' notice or such shorter notice as the Court may allow.  Id.
13       In the present case, Plaintiff utterly fails to comply with the requirements of the
14 local rules.  First, Plaintiff's TRO Checklist is incomplete regarding notice to affected
15 parties, attempts to discuss alternatives to a TRO, and the possibility of stipulating to a
16 TRO.  Indeed, there is no indication—by required affidavit or otherwise—that Plaintiff has
17 provided Defendants with actual notice, that he has attempted notice, or that there is
18 good cause that notice should not be given.  Though Plaintiff brings this motion ex parte,
19 that does not excuse the lack of notice or attempt at notice.  Plaintiff filed his request
20 February 2 and the trustee's sale is scheduled for February 10.  Even assuming there
21 was no delay on Plaintiff's part in bringing this request on February 2, he had time to
22 provide notice to Defendants before the impending sale.  Because there is no showing
23 that the present circumstances are so extraordinary that notice is not required, Plaintiff's
24 request may be denied on this ground alone.
25       Second, though Plaintiff's checklist indicates that there has not been undue delay
26 and that this action could not have been brought earlier, the Court is not so convinced.
27 According to Plaintiff, the faulty NOD was recorded December 20, 2012.  Even assuming
28 Defendants failed to contact Plaintiff prior to recording the NOD, it would appear that

3

Plaintiff was on notice of the potential default as of that date.  Though Plaintiff may have taken steps sporadically in 2013 and 2014 to contact Defendants, a notice of trustee sale was nevertheless recorded almost nine months ago on May 9, 2016.  Moreover, the original date of sale was June 16, 2016.  See Pl's Ex. 2.  That sale was apparently postponed at least once to December 12, 2016, and then again to the present date of February 10, 2017.  Id.  It is not clear to the Court why Plaintiff waited until February 2017 to move for the emergency remedy of a TRO, and Plaintiff has provided no explanation for his delay, which undermines the argument that any harm he may suffer is imminent and irreparable.  Because Plaintiff has not treated this situation as an emergency over the preceding year, the Court will not now grant relief on an emergency basis.

Finally, Plaintiff has provided the Court with many, but not all documents required under Local Rule 231(c).  Plaintiff has filed a Complaint, Motion for TRO, brief in support of his motion, and a declaration supporting his request.[1]  Because Plaintiff has failed to provide the Court with an affidavit or declaration addressing the notice requirement or any proposed order, his request for a TRO also fails on that basis.

For all the foregoing reasons, Plaintiff's Motion for a Temporary Restraining Order is hereby DENIED.

IT IS SO ORDERED.

DATED: February 6, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] The declaration does not, however, address the lack of notice.