UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON DECK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A., National Association, as Trustee for Option One Mortgage Loan Trust 2003-1, Asset-Backed Certificates, Series 2003-1; OCWEN LOAN SERVICING, LLC, a Delaware limited liability company; POWER DEFAULT SERVICES, INC., a corporation; and all parties and all persons or entities with any claims to real property located at 1124 Hawthorne Loop, Roseville, California 95678, and Does 1–20, inclusively,<br><br>　　　　Defendants. | No. 17-cv-00234-MCE-KJN PS<br><br>**MEMORANDUM AND ORDER** |

　　On February 2, 2017, Plaintiff Vernon Deck ("Plaintiff") filed a Complaint (ECF No. 1) and a Motion for Temporary Restraining Order ("TRO," ECF No. 3), which the Court denied on February 6, 2017 due to various procedural flaws in Plaintiff's request, and specifically Plaintiff's failure to comply with Local Rule 231 in its entirety.  (ECF No. 4.)  On February 9, 2017, Plaintiff filed an Amended Application for Temporary Restraining Order purporting to cure the defects present in his initial motion.  (ECF

1

No. 5.)  With the sale of his home scheduled for February 10, this Court granted Plaintiff's amended application by Minute Order that same day.  (ECF No. 6.)

By his amended application, Plaintiff seeks a TRO against Defendants Wells Fargo Bank, Ocwen Loan Servicing, and Power Default Services, as well as any other parties with claims to the real property located at 1124 Hawthorne Loop in Roseville, California 95678 (collectively, "Defendants") to prevent the trustee's sale of that property, which was set for February 10, 2017.  The following is the Court's memorandum and order on Plaintiff's Application for TRO, which more fully explains the Court's reasoning in GRANTING the motion by prior Minute Order (ECF No. 6).

## BACKGROUND

In his Complaint, Plaintiff alleges various violations of the California Civil Code and the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, as well as fraudulent misrepresentation.  Plaintiff additionally brings a claim to quiet title and a claim for declaratory judgment.

Plaintiff claims that the sale of his primary residence is improper because he paid off the note in its entirety sometime before the notice of default ("NOD") was recorded in 2012.  Plaintiff additionally claims that even if the note was not paid off, Defendants made various errors in the handling of his mortgage and foreclosure proceedings, which errors render any trustee sale improper.  Most significantly, Plaintiff claims that Defendants did not contact him prior to recording the NOD, promised in a conversation not to foreclose on his property, and ignored multiple attempts by Plaintiff to contact them regarding his mortgage status after he made what he understood to be his final payment.

As indicated above, because Plaintiff has seemingly cured the procedural defects present in his initial motion for TRO, the Court now considers the merits of Plaintiff's amended motion.

**STANDARD**

The purpose of a temporary restraining order is to preserve the status quo pending the complete briefing and thorough consideration contemplated by full proceedings pursuant to a preliminary injunction. See Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 438-39 (1974) (temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"); see also Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006); Dunn v. Cate, No. CIV 08-873-NVW, 2010 WL 1558562, at *1 (E.D. Cal. April 19, 2010).

Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an extraordinary remedy, and Plaintiff has the burden of proving the propriety of such a remedy. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). In general, the showing required for a temporary restraining order and a preliminary injunction are the same. Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The propriety of a TRO hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the Plaintiff demonstrates the requisite likelihood of irreparable harm and shows that an injunction is in the public interest, a preliminary injunction can still issue so long as serious questions going to the merits are raised and the balance of hardships tips sharply in Plaintiff's

favor.  Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

**ANALYSIS**

In the absence of any response from Defendants, the Court assumes Plaintiff's allegations are well-founded and consequently that he has demonstrated a likelihood of success on the merits of his claims sufficient to justify issuance of a TRO at this time. The Court's finding in that regard, however, is based solely on the evidence and allegations Plaintiff sets forth in his amended motion, as Defendants have not yet had an opportunity to respond.  This TRO is therefore being granted only to afford all parties an opportunity to be heard prior to any trustee's sale of Plaintiff's property.

Having determined a likelihood of success at this time, the Court finds that Plaintiff has also satisfied the remaining factors for obtaining a TRO.  He has adequately shown irreparable harm by alleging that he will lose his primary residence if Defendants' trustee's sale goes forward.  In addition, the balance of the equities tips sharply in Plaintiff's favor as a TRO in this instance merely delays Defendants' right to foreclose until all parties have been given the opportunity to be heard on the merits of Plaintiff's allegations.[1]  Finally, a TRO is in the public's interest as it is being used to ensure compliance with federal and state laws designed to protect the public.

**CONCLUSION**

For all of the above reasons, the Court GRANTS Plaintiff's Amended Application for Temporary Restraining Order.  (ECF No. 5.)  Given Plaintiff's representation that he

---

[1] Because the Court finds that the equities tip sharply in Plaintiff's favor and Plaintiff has at a minimum raised serious questions as to the merits of his claim, a TRO is justified under the sliding scale approach as well.

4

1  called all three Defendants and either left a message or spoke to someone directly, it
2  appears that notice has been provided to Defendants.  Pending the Court's
3  determination regarding a preliminary injunction, Defendants are hereby enjoined from
4  engaging in or performing, directly or indirectly, any of the following acts: advertising,
5  selling, transferring, conveying, foreclosing upon, evicting, or any other conduct adverse
6  to Plaintiff regarding his real property located at 1124 Hawthorne Loop in Roseville,
7  California 95678.

8  Defendants are hereby ordered to show cause in writing as to why the Court
9  should not issue a preliminary injunction restraining them from engaging in or
10 performing, directly or indirectly, any of the following acts: advertising, selling,
11 transferring, conveying, foreclosing upon, evicting, or any other conduct adverse to
12 Plaintiff regarding his real property located at 1124 Hawthorne Loop in Roseville,
13 California 95678.  As indicated in the Court's Minute Order (ECF No. 6), Defendants
14 shall file a written response on or before **February 16, 2017**, and any reply from Plaintiff
15 shall be filed by **February 21, 2017**.  If the Court desires a hearing on this matter, such
16 hearing will take place on **February 23, 2017, at 2:00 p.m.** in Courtroom 7.  Plaintiff
17 shall provide notice of this order, briefing schedule, and date and time for hearing to
18 Defendants by **February 14, 2017**.

19 Though it appears Plaintiff provided Defendants with notice of his request for
20 TRO, because Defendants did not have an opportunity to respond prior to issuance of
21 the TRO, the affected parties may apply to the Court for modification or dissolution of
22 this TRO on two (2) days' notice or upon such shorter notice as the Court may allow.
23 See Local Rule 231(c)(8); Fed. R. Civ. P. 65(b).  No bond shall be required.
24 IT IS SO ORDERED.
25 Dated:  February 13, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

5