UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON DECK,<br><br>        Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A., as Trustees for Option One Mortgage Loan Trust 2003-1, Asset-Backed Certificates, Series 2003-1; OCWEN LOAN SERVICING, LLC, a Delaware limited liability company; POWER DEFAULT SERVICES, INC., a corporation; and all parties and all persons or entities with any claims to real property located at 1124 Hawthorne Loop, Roseville, California 95678, and Does 1–20, inclusively,<br><br>        Defendants. | No. 17-cv-00234-MCE-KJN PS<br><br>**MEMORANDUM AND ORDER** |

        On February 2, 2017, Plaintiff Vernon Deck ("Plaintiff") filed a Complaint ("Compl.," ECF No. 1) and a Motion for Temporary Restraining Order ("TRO," ECF No. 3), which the Court denied on February 6, 2017 due to various procedural flaws in Plaintiff's request, and specifically Plaintiff's failure to comply with Local Rule 231 in its entirety. (ECF No. 4.) On February 9, 2017, Plaintiff filed an Amended Application for Temporary Restraining Order purporting to cure the defects present in his initial motion.

1

(ECF No. 5.)  With the sale of his home scheduled for February 10, this Court granted Plaintiff's amended application by Minute Order that same day (ECF No. 6.), and issued a formal memorandum and order regarding the same on February 13, 2017 (ECF No. 7).

By his amended application, Plaintiff sought a TRO against Defendants Wells Fargo Bank, Ocwen Loan Servicing, and Power Default Services, as well as any other parties with claims to the real property located at 1124 Hawthorne Loop in Roseville, California 95678 (collectively, "Defendants") to prevent the trustee's sale of that property, which was set for February 10, 2017.[1]  As explained in the Court's February 13, 2017 order, the Court granted Plaintiff's request based solely on the evidence and allegations Plaintiff set forth in his amended motion, as Defendants had not yet had an opportunity to respond.  The TRO was thus granted only to afford all parties an opportunity to be heard prior to any trustee's sale of Plaintiff's property.  Along with the TRO, the Court therefore issued an Order to Show Cause as to why a preliminary injunction should not issue, and ordered Defendants to respond on or before February 16, 2017.  See ECF No. 7.

Defendants did indeed respond to the Court's order on February 16, 2017 (ECF No. 9), and Plaintiff filed a reply on February 22, 2017 (ECF No. 13).  Having considered all briefs and evidence filed in connection with Plaintiff's request, the Court DENIED what it construes as Plaintiff's Amended Motion for Preliminary Injunction by Minute Order on February 22, 2017.  (ECF No. 15).  The following is the Court's memorandum and order on Plaintiff's Amended Motion for Preliminary Injunction, which more fully explains the Court's reasoning in DENYING that motion.

///
///
///
///

---

[1] The sale is postponed pending Plaintiff's bankruptcy filing, initiated on July 25, 2016 in the Eastern District of California, Case No. 16-24854.

# BACKGROUND[2]

In his Complaint, Plaintiff alleges various violations of the California Homeowner's Bill of Rights ("HBOR") and the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, as well as fraudulent misrepresentation. Plaintiff additionally brings a claim to quiet title and a claim for declaratory judgment.

Plaintiff claims that the sale of his primary residence is improper because he paid off the note in its entirety sometime before the notice of default ("NOD") was recorded in 2012. Plaintiff additionally claims that even if the note was not paid off, Defendants made various errors in the handling of his mortgage and foreclosure proceedings, which errors render any trustee sale improper. Most significantly Plaintiff claims that Defendants did not contact him prior to recording the NOD, failed to attach a declaration of due diligence to the NOD, promised in a conversation not to foreclose on his property, and ignored multiple attempts by Plaintiff to contact them regarding his mortgage status after he made what he understood to be his final payment.

Among other specific arguments, Defendants counter that Plaintiff does not have standing to bring this action because he is not liable under the note. Defendants provide copious evidence—including the deposition testimony of Plaintiff himself—establishing that Plaintiff was not the borrower, was not and is not liable under the note, and therefore has no standing to sue under the note. Furthermore, Defendants contend that they have complied with all state and federal regulations and in fact made multiple attempts at contacting the true borrower, Plaintiff's ex-wife, regarding the status of her loan and possible modification thereof. Defendants also contend that they have discussed with Plaintiff the possibility of assuming the loan, but Plaintiff has not assumed the loan to date.

///

---

[2] The following recitation of facts is taken, at times verbatim, from either Plaintiff's Complaint (ECF No. 1) or Defendants' Opposition to Order to Show Cause (ECF No 9).

# STANDARD

"A preliminary injunction is an extraordinary and drastic remedy." Munaf v. Geren, 553 U.S. 674, 690 (2008). "[T]he purpose of a preliminary injunction is to preserve the status quo between the parties pending a resolution of a case on the merits." McCormack v. Hiedeman, 694 F.3d 1004, 1019 (9th Cir. 2012). A plaintiff seeking a preliminary injunction must establish that he is (1) "likely to succeed on the merits;" (2) "likely to suffer irreparable harm in the absence of preliminary relief;" (3) "the balance of equities tips in his favor;" and (4) "an injunction is in the public interest." Winter v. Natural Res. Defense Council, 555 U.S. 7, 20 (2008). "If a plaintiff fails to meet its burden on any of the four requirements for injunctive relief, its request must be denied." Sierra Forest Legacy v. Rey, 691 F. Supp. 2d 1204, 1207 (E.D. Cal. 2010) (citing Winter, 555 U.S. at 22). "In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" Winter, 555 U.S. at 24 (quoting Amoco Prod. Co. v. Gambell, 480 U.S. 531, 542 (1987)). A district court should enter a preliminary injunction only "upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22 (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and shows that an injunction is in the public interest, a preliminary injunction can still issue so long as serious questions going to the merits are raised and the balance of hardships tips sharply in the plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

///
///
///

# ANALYSIS[3]

Plaintiff has previously filed two similar lawsuits in state court attempting to stop Defendants' foreclosure on the property in question. Though both served to delay foreclosure proceedings, neither were ultimately successful. Plaintiff here again fails to meet the requirements for the Court to issue a preliminary injunction. Specifically, the thrust of Plaintiff's claims are that Defendants have improperly initiated foreclosure proceedings, but Plaintiff has failed to establish that he is a "borrower" under the loan and therefore has failed to show that he has standing to bring the present lawsuit. Due to his lack of standing, Plaintiff cannot show that he is reasonably likely to succeed on the merits, nor can he even raise serious questions as to the merits, of any of his claims.[4]

Because Plaintiff has not shown that there are serious questions as to the merits of his claims, let alone a likelihood of success on those claims, the Court need not address the remaining factors of comparative hardship, irreparable harm, and public interest. See Yuk Lai Wycliffe Chan v. Lothridge, No. C 94-1827 SAW, 1994 WL 411723 (N.D. Cal. Aug. 5, 1994). The Court therefore addresses the merits of each cause of action specifically below.

///

///

///

---

[3] As a preliminary matter, Defendants object to much of Plaintiff's proffered evidence as hearsay. (Defs.' Evidentiary Objections, ECF No. 12, Objection Nos. 1–8.) However, "[a] district court may consider hearsay in deciding whether to issue a preliminary injunction." Johnson v. Couturier, 572 F.3d 1067, 1083 (9th Cir. 2009) (citing Republic of the Philippines v. Marcos, 862 F.2d 1355, 1363 (9th Cir. 1988) (en banc); Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1394 (9th Cir. 1984) ("The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial.")). Thus, to the extent Plaintiff's evidence constitutes hearsay, the Court may nonetheless consider that evidence when ruling on Plaintiff's motion for a preliminary injunction. With regard to Defendants' remaining objections (Nos. 9–13), because Plaintiff's exhibits listed therein did not weigh on the Court's present analysis and order, the Court declines to rule on Defendants' objections as to relevance, authentication, and foundation.

[4] Plaintiff has likewise failed to show that the balance of hardships tips in his favor because he has not shown that he is a borrower.

### A. Violations Of California's Homeowner's Bill Of Rights

Plaintiff alleges that Defendants violated various provisions of the California Homeowner's Bill of Rights. Though Plaintiff's allegations are not always clear, it appears Plaintiff claims that Defendants recorded the NOD on his primary residence without first contacting him in violation of Cal. Civ. Code § 2923.55 and failed to attach a declaration of due diligence to the NOD in violation of Cal. Civ. Code § 2923.5(b). Additionally, Plaintiff cites to provisions of the Civil Code indicating that he further alleges Defendants failed to contact him with foreclosure prevention alternatives after recording the NOD, engaged in dual-tracking, failed to assign a single point of contact, failed to notify him when a sale was postponed, and otherwise mishandled any loan modification application.

First, as indicated above, Plaintiff has failed to show any likelihood of success on the merits of these claims because Plaintiff has failed to show that he is a borrower under the note. "[O]nly 'borrowers' have standing to assert claims for violation of HBOR." Green v. Central Mortgage Company, No. 14-cv-04281, 2015 WL 5157479, at *4 (N.D. Cal., Sept. 2, 2015) (citing Cal. Civ. Code § 2924.12(a)(1),(b) and Cal. Civ. Code § 2924.19(a)(1)); Austin v. Ocwen Loan Serv., LLC, No. 14-cv-00970 JAM-AC, 2014 WL 3845182, at *2–3 (E.D. Cal. Aug. 1, 2014) ("because plaintiff is not the borrower, she is not the real party in interest for her HBOR claim"). Indeed, the language of the HBOR provides that it is a borrower who can bring any claims under Civil Code § 2924.12. Though Plaintiff alleges that the property is his primary residence and purports to provide a version of the note bearing his signature, ample other evidence—including Plaintiff's own deposition testimony and a declaration from his ex-wife—indicates that his ex-wife is the sole borrower. The HBOR explicitly protects borrowers, not residents, and the Court is not convinced that Plaintiff has sufficiently established that he is a borrower under the loan. Thus, because Plaintiff has failed to show that he has standing, he has failed to show any likelihood of success on those claims. The Court must therefore deny his request for preliminary injunction.

Plaintiff's claims under the HBOR also fail for the related reason that the HBOR only applies to first lien mortgages or deeds of trust secured by owner-occupied residential real property. Cal. Civ. Code. § 2924.15. "Owner-occupied" under the Act means that the property is the principal residence of the borrower. Id. It is undisputed that Plaintiff's ex-wife—an undisputed borrower—does not reside in the home. For this additional reason, Plaintiff has not shown a likelihood of success on his HBOR claims and his request for a preliminary injunction on these grounds is also denied.

Finally, even if Plaintiff could otherwise be considered a borrower for purposes of his HBOR claims, Plaintiff's pending bankruptcy filing[5] removes him from the protections of the HBOR for the time being. See Cal. Civ. Code § 2920.5(c)(2)(C).

### B. Fraudulent Misrepresentation

The elements of a cause of action for fraud are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e. to induce reliance; (d) justifiable reliance; and (e) resulting damage." Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996). In regard to a fraud cause of action, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (internal quotation marks and citation omitted). In addition, "[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false." Keen v. Am. Home Mortg. Servicing, Inc., 664 F. Supp. 2d 1086, 1098 (E.D. Cal. 2009) (citing Decker v. GlenFed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994)).

Plaintiff alleges that in 2012 he was contacted by Nanlab—an agent of Wells Fargo—and told that if he ceased making payments for 90 days, the bank would lower his monthly payment. Compl. at 24–25. Plaintiff allegedly followed those instructions,

---

[5] Plaintiff filed for bankruptcy under Chapter 13 of the Bankruptcy Code in the Eastern District of California on July 25, 2016, Case No. 16-24845.

only to learn in 2013 that the bank had no record of any such arrangement and that foreclosure proceedings were underway. Id. Plaintiff alleges that he relied on Nanlab's false statements, and that a fraud occurred when Wells Fargo then refused to lower his monthly payment, declared the loan to be in default, and initiated foreclosure proceedings. He generally alleges economic damages.

The Court finds Plaintiff's claim is not likely to succeed because nowhere does he allege scienter or intent. Even assuming Plaintiff satisfies the pleading requirements of Rule 9(b), however, Plaintiff does not have standing to bring a fraud claim against Defendants based on alleged misrepresentations made in the course of foreclosure proceedings because Plaintiff is not a borrower on the loan. Green, 2015 WL 5157479, at *4 ("Courts thus have dismissed foreclosure-based claims—like [Plaintiff's] negligent misrepresentation, fraud, wrongful foreclosure . . . and declaratory relief claims—by persons who were not parties to mortgage loans.") (citing Brockington v. J.P. Morgan Chase Bank, N.A., No. C-08-05795 RMW, 2009 WL 1916690, at *2–3 (N.D. Cal. July 1, 2009) (even though the plaintiff alleged that she was an "equitable owner" of property, the plaintiff did not have standing to challenge the defendant's conduct in connection with that loan because the plaintiff was not a party to the loan); Cleveland v. Deutsche Bank Nat'l Trust Co., No. 08-cv-0802 JM(NLS), 2009 WL 250017, at *2 (S.D. Cal. Feb. 2, 2009) (because the plaintiff's wife—and not the plaintiff—was the "borrower" on the loan, the plaintiff did not have standing to assert claims for violation of TILA, injunctive relief, statutory damages, fraud, accounting, cancellation of instruments, quiet title, and declaratory relief based on the defendants' foreclosure on property securing that loan)) (additional citations omitted). As a result, the Court finds Plaintiff is unlikely to succeed on the merits of his fraud claim.

Defendants additionally argue that Plaintiff's fraud claim is barred by the applicable three-year statute of limitations. Code Civ. Pro. § 338(d); Def's Opp. at 17. To the extent Plaintiff's claim stems from any alleged fraud or misrepresentation that occurred during the origination of the loan leading Plaintiff to believe he was a borrower

on the note, the Court agrees that the statute of limitations began to run in 2004 when Plaintiff discovered he was not in fact on the note. See Def's Opp. at 17. To the extent Plaintiff's claim stems from his interaction with Nanlab in 2012 that led him to mistakenly default on the loan (Compl. at 24–26), any such claims accrued in November 2013 when Plaintiff discovered that Nanlab's statements were false (Compl. at 25). As such, Plaintiff's claim is barred by the three-year statute of limitations. Accordingly, the Court finds Plaintiff is unlikely to succeed on the merits of his fraud claim on this additional ground.[6]

### C. Quiet Title And Declaratory Judgment

Plaintiff is likewise not likely to succeed on his quiet title claim nor on his related request for declaratory judgment that the note has been paid. As a preliminary matter, it is unclear whether Plaintiff wishes to quiet title as to his ex-wife, Defendants, or both. As to the former, this question is not before the Court as Plaintiff's ex-wife is not a party to the present suit. As to Defendants, "under California law, it is well-settled that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." Deerinck v. Heritage Plaza Mortgage Inc., No. 2:11-cv-01735-MCE-ECB, 2012 WL 1085520, at *9, quoting Briosos v. Wells Fargo Bank, 737 F. Supp. 2d 1018, 1032 (N.D. Cal. 2010) (internal quotation marks omitted). Though Plaintiff has alleged that he paid the note in full, Defendants have submitted evidence indicating that the note is in fact in default (a point which Plaintiff at times seems to concede), and further indicating that Plaintiff has refused to assume the loan. Based on the evidence that Plaintiff is not on the note, that the note is in default, and because Plaintiff has not asserted that he is able to tender, the Court finds Plaintiff is not likely to succeed on the merits of his claim to quiet title, nor on the merits of his request for declaratory relief.

---

[6] It appears Plaintiff also contends Defendants engaged in fraud by failing to cancel the note after Plaintiff paid it off, and further by filing an NOD. Compl. at 26. With regard to this claim, Plaintiff wholly fails to meet the pleading requirements of Rule 9(b) and the Court therefore finds Plaintiff is unlikely to succeed on this ground as well.

### D. Violation Of The Federal Fair Debt Collection Act

Though not entirely clear, Plaintiff's claim that Defendants violated the FDCA is apparently premised on Defendants' alleged mishandling of the loan and foreclosure proceedings. See Compl. at 28. But nothing in Plaintiff's Complaint establishes or even alleges that Defendants are debt collectors under the FDCA. Moreover, even if Plaintiff alleged as much, "the law is well-settled . . . that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the [FDCA]." Camillo v. Washington Mut. Bank, F.A., No. 1:09-cv-1548 AWI SMS, 2009 WL 3614793, at *10 (internal quotation marks and citations omitted). Moreover, Plaintiff's Complaint deals with "the making of the loan and the beginning of the foreclosure process," but "the law is clear that foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of the RFDCPA or the FDCA." Id. (internal quotation marks and citations omitted). For these reasons, Plaintiff's claim brought under the FDCA is also not likely to succeed on the merits.

### CONCLUSION

For the reasons stated above, the Court finds that Plaintiff has not demonstrated that he is likely to succeed on the merits of his claims or that there are serious questions going to the merits of Plaintiff's claims. Accordingly, Plaintiff's request for a preliminary injunction is DENIED.

IT IS SO ORDERED.

Dated: February 27, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE