UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON DECK, | No. 2:17-cv-0234-MCE-KJN PS |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| WELLS FARGO BANK, N.A., et al., | |
| Defendants. | |

Plaintiff Vernon Deck, who proceeds without counsel, initially filed this action on February 2, 2017, and requested leave to proceed *in forma pauperis*. (ECF Nos. 1, 2.)[1] In this mortgage foreclosure action, plaintiff alleges various violations of the California Homeowner's Bill of Rights and the federal Fair Debt Collection Practices Act, and also brings claims for fraudulent misrepresentation, quiet title, and declaratory judgment.

Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. Also, a federal court has an independent duty to assess whether federal subject matter

---

[1] The motion to proceed *in forma pauperis* in this court remains pending until the issues pertaining to this order to show cause have been resolved.

1

jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996).  The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

In this case, the assigned district judge, Judge England, initially denied plaintiff's motion for a temporary restraining order ("TRO"), but subsequently granted plaintiff's amended motion for a TRO based on the allegations in plaintiff's submission to provide all parties an opportunity to be heard prior to any trustee's sale of the property at issue.  (ECF Nos. 3-7.)  Along with the TRO, the court issued an order to show cause why a preliminary injunction should not issue.  (ECF No. 7.)  Defendants ultimately filed a response to the order to show cause, and plaintiff filed a reply brief.  (ECF Nos. 9, 13.)

Subsequently, by minute order on February 22, 2017, and in a reasoned decision on February 27, 2017, the district judge denied plaintiff's request for a preliminary injunction.  (ECF Nos. 15, 17.)  The district judge observed:

> Specifically, the thrust of Plaintiff's claims are that Defendants have improperly initiated foreclosure proceedings, but Plaintiff has failed to establish that he is a "borrower" under the loan and therefore has failed to show that he has standing to bring the present lawsuit.  Due to his lack of standing, Plaintiff cannot show that he is reasonably likely to succeed on the merits, nor can he even raise serious questions as to the merits, of any of his claims.

(ECF No. 17 at 5.)  As the district judge noted, plaintiff has previously filed two similar lawsuits in state court attempting to stop defendants' foreclosure on the property in question, neither of which was ultimately successful.  (Id.)  Indeed, the district judge found that although plaintiff resides in the property, ample evidence, including plaintiff's own deposition testimony and a declaration from his ex-wife, indicates that plaintiff's ex-wife is the sole borrower, and that plaintiff has not assumed the loan.  (Id. at 6; see also ECF Nos. 9-3, 9-10.)

Therefore, in light of the record developed in the context of the preliminary injunction proceedings, it appears that plaintiff lacks standing to bring this action, an impediment to this

1  court's jurisdiction.  As such, the court finds it appropriate to issue an order to show cause why

2  the action should not be dismissed.

3        Furthermore, in light of plaintiff's *pro se* status, the court also advises plaintiff regarding

4  the requirements of Federal Rule of Civil Procedure 11, which provides, in part, that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

14  Fed. R. Civ. P. 11(b).  Plaintiff is cautioned that sanctions may be imposed, on motion by a party

15  or on the court's own initiative, for violations of Federal Rule of Civil Procedure 11.  Fed. R. Civ.

16  P. 11(c).

17        Accordingly, IT IS HEREBY ORDERED that:

18     1. No later than March 16, 2017, plaintiff shall show cause in writing why this action

19       should not be dismissed for lack of standing.

20     2. If plaintiff concludes that he is unable to continue prosecution of this action within the

21       strictures of Federal Rule of Civil Procedure 11, he may file a request for voluntary

22       dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure

23       41(a)(1)(A)(i) in lieu of responding to the order to show cause.

24     3. If plaintiff elects to respond to the order to show cause, defendants may file a reply to

25       plaintiff's response no later than March 30, 2017.[2]

---

[2] The court has not yet ruled on plaintiff's motion to proceed *in forma pauperis*, no summons has been issued, and defendants have not yet been formally served with process.  Nevertheless, in light of defendants' special appearance for purposes of the preliminary injunction proceedings, the court finds it appropriate to provide defendants with an opportunity to specially appear and

4. Failure to timely respond to this order to show cause will be deemed to be plaintiff's consent to summary dismissal of the action for lack of standing.

IT IS SO ORDERED.

Dated: March 2, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

reply to any response filed by plaintiff to the court's order to show cause.