UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON DECK, | No. 2:17-cv-234-MCE-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| WELLS FARGO BANK, N.A., et al., | |
| Defendants. | |

On March 2, 2017, the court issued an order requiring plaintiff to show cause why this action should not be dismissed for lack of standing. (ECF No. 18.)[1]  As the court explained in that order, lack of standing is an impediment to this court's jurisdiction, and the court has an independent duty to assess whether federal subject matter jurisdiction exists. (Id.)  On March 16,

---

[1] The court notes that plaintiff has since filed a declination to proceed before a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c), as well as a "Notice of Non-Stipulation and Rejection of Magistrate Judge by Plaintiff." (ECF Nos. 28, 29.)  In light of those designations, any final case dispositive orders (including those that relate to motions for a TRO and a preliminary injunction) will be entered by the assigned district judge.  Additionally, any final pretrial conference and trial ultimately conducted in this matter would take place before the assigned district judge.  Nevertheless, all other proceedings will be handled by the undersigned pursuant to Local Rule 302(c)(21), with issuance of findings and recommendations to the district judge with respect to case dispositive matters.

1

2017, plaintiff filed a timely response to the order to show cause,[2] and on March 24, 2017, defendants filed a reply to plaintiff's response. (ECF Nos. 23, 31.)

After carefully reviewing the parties' filings, the court finds that making a determination regarding the issue of standing here would require the court to resolve issues of credibility and/or disputed material facts. As such, an evidentiary hearing is required. See, e.g., Hohlbein v. Hospitality Ventures LLC, 248 Fed. App'x 804, 806 n.2 (9th Cir. Sep. 20, 2007) (unpublished); Cholakyan v. Mercedes-Benz USA, LLC, 2012 WL 12861143, at * 24 (C.D. Cal. Jan. 12, 2012). More specifically, the court concludes that an evidentiary hearing is necessary with respect to two discrete issues:

(1) Whether plaintiff signed the November 1, 2002 note and is thus a borrower for purposes of the loan at issue, or whether plaintiff has otherwise assumed the loan; and

(2) Regardless of whether plaintiff is a borrower or has assumed the loan, whether plaintiff has paid off the loan in its entirety.

At the hearing, the parties will be permitted to offer documentary evidence and oral testimony from witnesses relevant to the above issues only. In light of the limited scope of the evidentiary hearing, the court anticipates that the hearing should take no longer than one (1) day. Once a date for the hearing has been set, the court will issue a further order setting deadlines for the filing of any briefs, a joint witness list, and a joint exhibit list prior to the hearing.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff and defendants' counsel shall forthwith confer, and consult with the undersigned's courtroom deputy clerk, regarding available dates for an evidentiary hearing in the next approximately 60 days.

---

[2] As the court noted in its prior March 17, 2017 minute order, plaintiff's response to the order to show cause also included a second amended motion for a preliminary injunction, which the court construed as a motion for reconsideration of the district judge's prior order denying plaintiff's amended motion for a preliminary injunction. (ECF No. 27.) The court directed plaintiff to re-notice that motion for reconsideration before the assigned district judge pursuant to the court's Local Rules. (Id.) However, despite the asserted urgency of the motion, plaintiff has not to date properly noticed that motion for a hearing before the district judge. Therefore, the motion is deemed withdrawn without prejudice.

2. Within seven (7) days of this order, the parties shall file a joint status report, outlining: (a) proposed dates for an evidentiary hearing that have been cleared with the undersigned's courtroom deputy clerk; (b) proposed deadlines for filing any briefs, a joint witness list, and a joint exhibit list prior the hearing; (c) any objections to the evidentiary hearing supported by legal authority and argument; and (d) any other matters that would assist the court and the parties in preparing for the evidentiary hearing.  Upon review of the parties' joint status report, the court will issue a separate order scheduling the hearing and other appropriate deadlines.

3. Plaintiff's second amended motion for a preliminary injunction (ECF No. 23) is DEEMED WITHDRAWN without prejudice.

IT IS SO ORDERED.

Dated:  March 28, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE