UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON DECK, | No. 2:17-cv-0234-MCE-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| WELLS FARGO BANK, N.A., et al., | |
| Defendants. | |

For the reasons discussed in the court's March 28, 2017 order, the court determined that an evidentiary hearing in this matter is necessary. (ECF No. 32.) Accordingly, in that same order, the court directed the parties to forthwith confer, and consult with the undersigned's courtroom deputy clerk, regarding available dates for an evidentiary hearing in approximately 60 days. (Id.) The parties were also ordered, within seven (7) days, to file a joint status report, outlining: (a) proposed dates for an evidentiary hearing that have been cleared with the undersigned's courtroom deputy clerk; (b) proposed deadlines for filing any briefs, a joint witness list, and a joint exhibit list prior the hearing; (c) any objections to the evidentiary hearing supported by legal authority and argument; and (d) any other matters that would assist the court and the parties in preparing for the evidentiary hearing. (Id.)

////

1

1  On April 3, 2017, plaintiff filed objections to the evidentiary hearing. (ECF No. 33.)
2  Plaintiff essentially objects to this case proceeding before the undersigned, because plaintiff did
3  not consent to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).
4  Plaintiff's objections are without merit, because this matter does not proceed before the
5  undersigned as a consent case pursuant to 28 U.S.C. § 636(c). As the court has already explained,
6  any final case dispositive orders (including those that relate to motions for a TRO and a
7  preliminary injunction) will be entered by the assigned district judge. Additionally, any final
8  pretrial conference and trial ultimately conducted in this matter would take place before the
9  assigned district judge. Nevertheless, all other proceedings will be handled by the undersigned
10 pursuant to 28 U.S.C. § 636(b) and Local Rule 302(c)(21), with issuance of orders relating to
11 non-case dispositive matters and issuance of findings and recommendations to the district judge
12 with respect to case dispositive matters. In regards to the latter, plaintiff will also have an
13 opportunity to file any objections to the findings and recommendations, which will be considered
14 by the district judge prior to entry of any final order.

15  Therefore, plaintiff's objections are overruled.[1]

16  On April 4, 2017, defendants unilaterally filed a status report responding to the topics
17 identified in the court's March 28, 2017 order. (ECF No. 34.) The status report outlines various
18 efforts that were made to secure plaintiff's cooperation with respect to scheduling issues and
19 preparing a joint status report, but were ultimately unsuccessful. (Id.) It appears that plaintiff
20 likely failed to cooperate with defendant in light of his belief that the undersigned lacks the
21 authority to conduct proceedings in this case. In light of plaintiff's *pro se* status, the court
22 declines to impose monetary sanctions at this juncture. Nevertheless, the court notes that future

---

[1] Additionally, contrary to plaintiff's suggestion in the objections, there are no adverse consequences for failure to consent to the jurisdiction of a United States Magistrate Judge. Such consent is entirely voluntary, and the undersigned never draws any adverse inference from any litigant declining to consent to such jurisdiction. The court, as it must, faithfully and impartially resolves the merits of any dispute before it based solely on the applicable law, which it has sworn to uphold. Although the court, based on the record, has raised concerns regarding potential lack of standing or subject matter jurisdiction, the court does not pre-judge any issue, and the very purpose of the evidentiary hearing is to permit the parties to present their evidence, which the court will consider with an open mind.

failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and the court's orders may result in the imposition of sanctions. Additionally, given that plaintiff failed to cooperate with scheduling of the evidentiary hearing, the hearing will be scheduled at defendants' and the court's convenience.

Finally, the court notes that, even if plaintiff strongly disagrees with the court's orders, the court must apply the Federal Rules of Civil Procedure and the court's Local Rules, and cannot permit plaintiff's subjective beliefs to govern the case. As such, the court strongly encourages plaintiff to cooperate with the preparation and conduct of the evidentiary hearing, as outlined specifically below. Plaintiff is cautioned that, because he has the burden of establishing standing and subject matter jurisdiction, ***failure to cooperate with preparation for the evidentiary hearing and/or failure to appear at the evidentiary hearing will result in a recommendation that the action be dismissed for lack of standing and subject matter jurisdiction.***

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's objections (ECF No. 33) are OVERRULED.
2. An evidentiary hearing is scheduled for May 22, 2017, at 9:00 a.m., in Courtroom No. 25 before Judge Newman. The hearing is estimated to take a maximum of one (1) day.
3. The scope of the hearing shall be strictly limited to the following two issues: (a) whether plaintiff signed the November 1, 2002 note and is thus a borrower for purposes of the loan at issue, or whether plaintiff has otherwise assumed the loan; and (2) regardless of whether plaintiff is a borrower or has assumed the loan, whether plaintiff has paid off the loan in its entirety. At the hearing, the parties will be permitted to offer documentary evidence and oral testimony from witnesses relevant to those issues only.
4. No later than May 8, 2017, at 5:00 p.m., the parties shall file a joint list of witnesses and exhibits proposed to be offered/introduced at the hearing. For each witness, the parties shall briefly outline the subject matter of the proposed witness's testimony. The court expects the parties to reasonably cooperate and reach appropriate

1    stipulations with respect to the authenticity and admissibility of exhibits and evidence
2    at the hearing.  Any such stipulations shall also be outlined in the parties' joint list of
3    witnesses and exhibits.  To the extent that the parties genuinely disagree as to the
4    admissibility of a particular item of evidence, the parties shall nonetheless list the item
5    of evidence and indicate the basis of the parties' dispute.  ***The parties are***
6    ***CAUTIONED that any witnesses or exhibits not listed in the parties' <u>joint list of</u>***
7    ***<u>witnesses and exhibits</u> will not be admitted and considered at the hearing***.[2]

8    5.  No later than May 8, 2017, at 5:00 p.m., each party may file briefing, not exceeding 10
9    pages, addressing the applicable law, the burden of proof, what each party expects the
10   evidence at the hearing to show as to the specific issues to be addressed at the
11   evidentiary hearing, any evidentiary disputes likely to be encountered at the hearing,
12   and any other matters that will promote the just and efficient conduct of the
13   evidentiary hearing.  No further briefing will be permitted, unless specifically
14   requested by the court.

15   IT IS SO ORDERED.

16   Dated:  April 5, 2017

18   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

---

[2] Because defendants' counsel will be tasked with electronically filing the parties' joint list of witnesses and exhibits, the parties are directed to meet and confer about preparation of the joint list well in advance of the deadline, and plaintiff shall provide his portions to defendants' counsel with sufficient time for defendants' counsel to incorporate them and file the joint list by the required deadline.  As noted above, any witnesses or exhibits not listed on the joint list by May 8, 2017, at 5:00 p.m., will not be admitted at the hearing.