UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON DECK, | No. 2:17-cv-0234-MCE-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| WELLS FARGO BANK, N.A., et al., | |
| Defendants. | |

An evidentiary hearing in this case is presently scheduled for May 22, 2017, at 9:00 a.m., in Courtroom No. 25 before Judge Newman. (ECF No. 35.) As noted in the court's prior April 5, 2017 order, the scope of the hearing is strictly limited to the following two issues: (a) whether plaintiff signed the November 1, 2002 note and is thus a borrower for purposes of the loan at issue, or whether plaintiff has otherwise assumed the loan; and (2) regardless of whether plaintiff is a borrower or has assumed the loan, whether plaintiff has paid off the loan in its entirety.

On April 27, 2017, plaintiff filed a request to continue the evidentiary hearing by at least 45 days to allow plaintiff to propound discovery on defendants and receive responses to that discovery, which plaintiff claims he needs to prepare himself for the evidentiary hearing, prepare his experts and other witnesses, and file certain pretrial motions. (ECF No. 39.) For the reasons discussed below, plaintiff's request is denied.

1

As an initial matter, because the issues to be addressed at the evidentiary hearing involve the court's subject matter jurisdiction, the court has an obligation to expeditiously consider and resolve such issues. The court's April 5, 2017 order setting the May 22, 2017 evidentiary hearing provided plaintiff with more than sufficient time to generally prepare for the hearing as to jurisdictional issues. Moreover, plaintiff provides no persuasive justification for why pre-evidentiary hearing discovery is necessary. As outlined above, the issues to be addressed are extremely narrow, and plaintiff should already be in possession of any documents or information necessary to respond to those issues, especially in light of the two prior state court actions that plaintiff had filed with respect to the property in question and in which discovery was conducted. Finally, there is no need to prepare any pre-hearing motions. The only filings that will be accepted by the court prior to the evidentiary hearing are those specifically outlined in the court's April 5, 2017 order: (1) the parties' joint list of witnesses and exhibits; and (2) the parties' separate hearing briefs, not to exceed ten (10) pages. (See ECF No. 35.) Both filings are due on May 8, 2017, at 5:00 p.m. The parties are again cautioned that any witnesses or exhibits not listed in the joint list of witnesses and exhibits will not be admitted and considered at the hearing.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to continue the evidentiary hearing (ECF No. 39) is DENIED.
2. In addition to mailing a copy of this order to plaintiff, the Clerk of Court shall serve an additional courtesy copy on plaintiff by e-mail at the e-mail address listed on plaintiff's request at ECF No. 39.

IT IS SO ORDERED.

Dated: May 3, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE