UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON DECK,<br><br>  Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>  Defendants. | No. 2:17-cv-0234-MCE-KJN PS<br><br>ORDER and FINDINGS & RECOMMENDATIONS |

On February 2, 2017, plaintiff Vernon Deck filed this mortgage foreclosure case in which he alleges various violations of the California Homeowner's Bill of Rights ("HBOR") and the federal Fair Debt Collection Practices Act ("FDCPA"), as well as claims for fraudulent misrepresentation, quiet title, and declaratory judgment. (ECF No. 1.)

After conducting an evidentiary hearing, this court concluded that plaintiff lacked standing to bring his claims, because plaintiff did not sign the note relating to the refinance loan. Consequently, the entire action was dismissed with prejudice. (ECF Nos. 49, 55.)

Thereafter, on October 26, 2018, the Ninth Circuit Court of Appeals reversed and remanded "for further proceedings on Deck's claims under HBOR only." (ECF No. 61 at 2.) The Ninth Circuit concluded that, for purposes of the HBOR claims, plaintiff was not required to be a signatory to the note to have standing to sue. (Id.)

1

In light of the remand, the court issued an order dated November 28, 2018, directing plaintiff to file an amended complaint asserting only claims under the HBOR. (ECF No. 64.) The court noted that "[b]ecause the Ninth Circuit's remand was limited to claims under the California Homeowner Bill of Rights Act, plaintiff is cautioned that an attempt to add additional claims may result in the imposition of sanctions." Id.

On December 26, 2018, plaintiff filed a first amended complaint which asserted several non-HBOR claims, along with argument why plaintiff believed such additional claims should be permitted. (ECF No. 65.) In a January 9, 2019 order, the court dismissed the first amended complaint, but with leave to amend. (ECF No. 68.) The court admonished plaintiff that he was "not permitted to enlarge the scope of the claims remanded, which violates both the Ninth Circuit's remand as well as this court's November 28, 2018 order." (Id.) In light of plaintiff's *pro se* status, the court declined to impose sanctions at that time, but expressly cautioned that future failure to comply with the court's orders and/or failure to file a compliant complaint would result in the imposition of sanctions. (Id.) Plaintiff was granted 21 days to file a second amended complaint that asserts only claims under the HBOR. (Id.)

Thereafter, on January 29, 2019, not long before the second amended complaint was due, plaintiff filed a notice of appeal to the Ninth Circuit Court of Appeals. (ECF No. 69.) Out of abundance of caution, the court then issued the following clarifying order on January 31, 2019:

> The Ninth Circuit Court of Appeals will consider plaintiff's interlocutory appeal on whatever schedule it deems appropriate. However, plaintiff is cautioned that unless the Ninth Circuit issues a formal stay, this court's order requiring the filing of a second amended complaint remains in full effect. Nevertheless, in light of plaintiff's *pro se* status, and in the event that plaintiff may have delayed preparing a second amended complaint based on a belief that a notice of appeal would automatically stay the district court action, the court grants plaintiff a limited extension of time to file a second amended complaint.

(ECF No. 72.) More specifically, the court *sua sponte* granted plaintiff an extension until February 20, 2019, to file either a second amended complaint in compliance with the court's January 9, 2019 order or a notice of voluntary dismissal of the action. (Id.) The court again cautioned that failure to file either a second amended complaint or a notice of voluntary dismissal

2

by February 20, 2019 (absent a stay order issued by the Ninth Circuit) may result in the imposition of sanctions, including monetary sanctions and/or a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b). (Id.)

Plaintiff ultimately failed to file either a compliant second amended complaint or a notice of voluntary dismissal by the required deadline. At that point, the court considered whether the action should be dismissed. However, in light of plaintiff's *pro se* status and the court's desire to resolve the action on the merits, the court first attempted lesser sanctions. On February 22, 2019, the court issued an order directing plaintiff, within 21 days, to pay $250.00 in monetary sanctions and to file a second amended complaint that complies with the court's January 9, 2019 order. (ECF No. 74.) Plaintiff was expressly cautioned that failure to timely comply with that order would result in a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b). (Id.)

On February 25, 2019, the Ninth Circuit dismissed for lack of jurisdiction plaintiff's appeal of this court's January 9, 2019 order. (ECF No. 76.)

Finally, on March 15, 2019, plaintiff paid the monetary sanctions and filed the operative second amended complaint. (ECF No. 77.) A careful review of that pleading reveals that it yet again fails to comply with the Ninth Circuit's remand and this court's January 9, 2019 order. Plaintiff continues to assert various non-HBOR claims, including a FDCPA claim, except that he now labels each of those additional claims as somehow being asserted under the HBOR, amounting to pure gamesmanship. The second amended complaint also continues to include argument as to plaintiff's subjective interpretation of the Ninth Circuit's remand and why this court is purportedly misinterpreting the scope of the remand.

As discussed below, the court finds that dismissal is an appropriate sanction at this juncture.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

////

Here, the first two factors weigh in favor of dismissal, because this case has already been delayed by plaintiff's failure to comply with court orders. Although this action was remanded by the Ninth Circuit in October 2018, plaintiff has yet to file a compliant complaint by the end of March 2019. Neither the court nor defendants should be required to analyze and respond to argumentative pleadings that exceed the scope of the Ninth Circuit's remand.

The third factor also slightly favors dismissal, because, at a minimum, defendants have been deprived of an opportunity to have the remaining HBOR claims adjudicated in a timely fashion due to plaintiff's intransigence and delays.

Furthermore, the fifth factor, availability of less drastic alternatives, favors dismissal, because the court has already attempted less drastic alternatives. More specifically, the court, cognizant of plaintiff's *pro se* status, notified plaintiff of the deficiencies of his pleadings and provided plaintiff with several opportunities to amend his complaint, including a *sua sponte* extension of time when plaintiff appealed the court's January 9, 2019 order. Additionally, before recommending dismissal, the court first attempted lesser sanctions in the form of monetary sanctions. Although plaintiff paid the sanctions, his second amended complaint fails to comply with the court's numerous prior orders, is argumentative, and displays gamesmanship, as discussed above. Even though the court has considered imposing increased monetary sanctions, the consistent pattern of plaintiff's failure to comply suggests that such increased sanctions would be futile. Furthermore, the court notes that plaintiff was clearly cautioned in the court's last February 22, 2019 order that failure to file a compliant second amended complaint would result in a recommendation of dismissal pursuant to Federal Rule of Civil Procedure 41(b).

Finally, as to the fourth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed by the other <u>Ferdik</u> factors. Indeed, it is plaintiff's own intransigence and failure to comply that preclude a resolution on the merits.

Therefore, after carefully evaluating the <u>Ferdik</u> factors, the court concludes that dismissal is appropriate.

////

////

5

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The entire action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

2. The Clerk of Court be directed to close this case.

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. Except for objections to the findings and recommendations and non-frivolous motions for emergency relief, the court will not consider or respond to any motions or filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: March 21, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE